## SADIE MONTGOMERY v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division Two, May 10, 1904.

1. **NEGLIGENCE: Exclusive Instruction.** It is not error for the court to give an instruction which sets out seriatim the acts of negligence set forth in the petition and then tells the jury that they are not to consider any other act of negligence as a ground for recovery. Such an instruction is in the interest of defendant.

2. **INSTRUCTIONS: How Considered.** Instructions must be read together and considered with reference to each other.

3. **———: Negligence: Proximate Cause.** To use the words "proximate cause" in an instruction in a negligence case is more likely to mystify the jury than to aid them to reach a correct conclusion.

4. **CONTRIBUTORY NEGLIGENCE: Practice.** Where the evidence is such that the court would not be justified in assuming that plaintiff's injuries resulted from his own contributory negligence, the question of his contributory negligence is one for the jury under proper instructions.

Appeal from Cass Circuit Court.—*Hon. W. W. Graves,* Special Judge.

AFFIRMED.

*R. T. Railey* for appellant.

*H. A. Jones* and *A. A. Whitsitt* for respondent.

GANTT, P. J.—This is an appeal from the judgment of the circuit court of Cass county. The action is for damages for personal injuries inflicted by the alleged negligence of defendant, its agents and servants, in backing a freight train over a buggy in which plaintiff, her sister and brother were riding, on their return home from church on the night of October 29, 1899. The injury occurred on a public crossing of Wyoming street in the city of Pleasant Hill, in Cass county, Missouri. The facts of the case are, in all material respects, the same as those which appear in the case of Bertha Montgomery v. Missouri Pacific Railway Company, decided on this day, and hence reference only need be made to that case for a statement of the facts. The instructions of the court were the same as in the Bertha Montgomery case, save that in this case the court, of its own motion, gave one numbered 4, in the words following:

"The court instructs the jury that the negligence mentioned in instruction one, in so far as negligence is mentioned therein, on the part of the defendant in this case, refers simply to such negligent acts as the defendant is charged to have been guilty of in this case. And, you are further instructed that in this case the defendant is charged with being negligent in the following manner:

"1. Defendant is charged with having backed its engine and train of cars across the Wyoming street crossing at the time of the alleged accident without giv-

ing any warning or signal before reaching said crossing.

"2. The defendant is charged with having negligently backed said train of cars and engine without having any light on said car or brakeman or other person stationed on said car or at the end of said car or cars, to warn persons at the crossing of the approach of said car or cars, and that no warning signal or notice of any kind was given of the approach of said car or train of cars as it was being backed across said crossing at Wyoming street.

"3. It is charged as an act of negligence that the defendant had been in the habit of keeping a flagman at said Wyoming street crossing for the purpose of apprising persons about to cross said crossing of danger, if any, in so doing, and that upon this occasion the customary flagman was absent from his usual and customary place of duty and failed to give any signal or warning to plaintiff or those who were there at the time.

"You are further instructed herein that if the plaintiff recover at all it must be upon some of the alleged negligent acts herein before set out and that the plaintiff can not recover herein upon any other negligent act of the defendant if from the evidence you should find that there are or were other negligent acts upon the part of the defendant, at the time."

To which defendant duly saved an exception.

I. The first assignment of error is that instruction numbered 1 for plaintiff taken and read in connection with number 4 given by the court, is vicious, because it permitted the jury to find for plaintiff if they found defendant was guilty of either one of the specific acts of negligence alleged in the petition, whether it was the proximate cause of plaintiff's injury or not, and authorized a verdict, if the train backed over the crossing without any signal or warning given by the train crew, although such act might not have been the proximate cause of plaintiff's injury, and, if given, might not

have prevented the injury, and third, authorized a verdict, although the watchman was at his post with lighted lanterns, and gave the plaintiff warning, if the jury should also believe that the train was backed over the crossing without warning from the train crew; fourth, because it authorized a recovery if no signals were given, as to the approach of the train, although the jury might have been satisfied that plaintiff *saw* the train, and knew of its approach; and fifth, because it authorized the jury to find for plaintiff if they believed the flagman was absent, regardless of whether the plaintiff was induced to pass over the tracks of defendant, on account of his absence; and sixth, because they were authorized to find for plaintiff if the flagman was absent, although the law imposed no duty on defendant to keep a watchman at said crossing, and his absence may not have been the proximate cause of the injury to plaintiff.

Counsel for plaintiff evidently misapprehend the purpose of the court's instruction numbered 4.

Its obvious purpose was to restrict the jury to the specific allegations of negligence averred in the petition. The instruction was obviously correct and in the interest of defendant. By giving it the court forbade the jury considering any other act or acts of the defendant as grounds for recovery, save those alleged by plaintiff. Such was its plain purpose, and it is in no sense open to the many criticisms upon it which the learned counsel urges.

As to instruction numbered 1, it is a plain definition of the respective obligations of plaintiff and defendant at the time and place of the accident. The court, by that instruction, requires the jury to find that plaintiff at the time was in the exercise of that care and caution which a reasonably prudent person would have exercised in passing along a public highway crossed by railroad tracks. Her own observance of such care and caution is made a condition precedent to her recovery. On the other hand, it demands of the jury that they find that

the defendant was not at the same time exercising that care and caution in backing its train over said crossing, which a reasonably prudent person would in the circumstances have exercised, and thereby caused the injury to plaintiff, by backing its train over the buggy in which she was riding while travelling along said public street. Neither is it true that plaintiff was allowed to recover merely because the flagman was absent, or the signals were not given by the trainmen, or the lights exhibited by them, because in its other instructions, notably the court's instructions numbered 5, 7, 8, and 9, the jury were expressly instructed that if they found that the switchman Blakey was standing near the switch target of the L. & S. track immediately west of the Wyoming street crossing, with his lighted lantern in his hand, and there was no obstacle between him and plaintiff, and that he signalled plaintiff with his lantern or to the train crew in the east to stop so that by the exercise of ordinary care plaintiff could have seen such signals before she sustained her injury, in time to have avoided it, she could not recover, and that if the jury believed from the evidence that even without lights, plaintiff, in the exercise of ordinary care, could have seen the box car at the rear of defendant's train at such a distance therefrom as to enable her to stop and avoid a collision, then it was her duty before passing over defendant's main track, to stop at a reasonable distance therefrom for the purpose of learning of the approach of said train and preventing a collision, and if she failed so to do, and by reason thereof caused or contributed to her own injury, she could not recover.

In instruction numbered 8, they were further told that if the flagman with a lighted lantern in his hand, was standing near the center of Wyoming street at the time plaintiff approached said crossing, and plaintiff by the exercise of ordinary care and caution, could have, by means of said lights, seen and heard the moving cars, in time to have avoided colliding therewith and did not

stop, she could not recover; and, in instruction numbered 6, the court instructed the jury that if plaintiff had knowledge of the fact that a train of cars was at the time in the switch yards at Pleasant Hill, and with such knowledge, approached the said crossing, then, before undertaking to cross, it was her duty, by exercising her sense of hearing and her sense of sight or both, to determine whether said train was about to cross said street and, if necessary, to stop at such distance before reaching said crossing as would enable her to determine this fact, and if she failed so to do, then their verdict must be for defendant. Again and again, we have ruled that instructions must be read together and considered with reference to each other, and when the instructions for plaintiff and those given in behalf of defendant and the court's instruction given of its own motion, are considered in this way, it seems too clear for controversy that the several criticisms so earnestly urged by learned counsel for defendant, are without merit. The doctrine of proximate cause is placed before the jury in a plain and intelligible way.

To have used the phrase "proximate cause" would have been more likely to have mystified the jury instead of assisting them in reaching a correct conclusion, but when the court told them what negligence was and what ordinary care and caution was, and then in this practical, concrete way advised them that, notwithstanding defendant had not observed that care and caution which a reasonably prudent person would have done in backing its train across the crossing in the nighttime, yet if plaintiff herself was wanting in that care and caution which a prudent person in the circumstances would exercise, and carelessly neglected those precautions, and thereby contributed to her own injuries, she could not recover, we think the instructions, taken together, fairly instructed the jury, and there was no error in giving them.

II.   We have considered the contention that the court erred in refusing defendant's instruction designated by the letter ''C'' in the kindred case of Bertha Montgomery against defendant, and reached the conclusion that no error was committed in refusing the instruction in view of plaintiff's evidence and the giving of instruction numbered 11, given by the court of its own motion, on the credibility of witnesses, in which it authorizes them to take into consideration the interest, if any, which the witnesses had in the result of the trial.

Under this last instruction, the jury were authorized to scrutinize and weigh plaintiff's evidence as that of an interested party, and the court was not called upon to assume that her knowledge of the crossing and the frequency of trains passing over it, and the fact that the horse her brother was driving was a gentle one, were admissions against herself and invite the jury to consider them as such.

III.   We have also considered the refusal of instructions ''A'' and ''D,'' and are of opinion, as already expressed in Bertha Montgomery v. Missouri Pacific Railway Company, that the court's instructions numbered 8 and 12 fully cover the law on these points, and are as favorable as defendant was entitled to receive.

IV.   The other assignments of error have all been considered in our opinion in the Bertha Montgomery case, and the conclusion reached that the evidence would not have justified the court in holding that plaintiff was guilty of such contributory negligence as barred a recovery by her, as a matter of law.   Whether she was guilty of such contributory negligence, was submitted to the jury under proper instructions, and the evidence was such that it was a question for the jury.

The demurrer to the evidence was properly refused. There was ample evidence to take the case to the jury, and to sustain their verdict.   No contention is made that the damages awarded are excessive, and in view of the

very serious nature of plaintiff's injuries as testified to by her family physician, we find no evidence of passion or prejudice in the amount of the damages. It follows that the judgment must be and is affirmed. *Burgess* and *Fox, JJ.,* concur.