STEPHEN H. MANESS, Respondent, v. JOPLIN & PITTSBURG RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. STREET RAILWAYS: Negligence: Contributory Negligence: Failure to Have Headlight: Jury Question. Plaintiff was driving at night with a heavily loaded wagon along the north track of defendant street railway company; to avoid a car coming toward him on the north track he turned on to the south track, and while on the south track a car, coming from the rear on the south track, struck the wagon and injured plaintiff. The evidence was conflicting on the question of whether or not there was a headlight on the street car as required by an ordinance of the city. The plaintiff testified that he looked for cars before driving on to the south track and his companion testified that he kept a constant lookout for cars; that neither could see the car. *Held*, that this was a case for the jury.

2. ———: ———: ———: Duty to Look and Listen for Cars. It is a duty of one about to enter upon a track of either a street car or steam road, to use his senses of sight and hearing to ascertain whether or not there will be danger in going upon the track.

3. PRESUMPTION: Street Railways: Negligence: Violation of Ordinance: Failure to Have Headlight. Where an ordinance of a city of the third class requires the street railway company to equip the cars with lights at each end thereof and to have the lights burning after sun down, a traveler along the streets has a right to presume that the provisions of the ordinance will be complied with.

4. CONTRIBUTORY NEGLIGENCE: Demurrer to Evidence: Duty of Court. It is only when but one conclusion can be reached under the evidence on the question of plaintiff's contributory negligence, and that is that his negligence caused or contributed to the injury; that it becomes the duty of the court to so declare and take the case from the jury.

5. HUMANITARIAN DOCTRINE: Failure to Have Headlight: Street Railways: Negligence. Plaintiff while driving along a street car track was struck by a car coming from the rear. The evidence on the part of the plaintiff was to the effect that there was no light on the front of the car as required by the city ordinance. From defendant's evidence it appeared that there

was a light on the front of the car. *Held,* that if plaintiff's evidence was true, the defendant was negligent in not having the light on the car, and if defendant's evidence was true, then under the humanitarian doctrine, which would be applicable, the case would still be for the jury on the question of the motorman's negligence in not discovering plaintiff on the track and stopping the car.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*Perkins & Blair,* and *Edward C. Wright* for appellant.

(1)   Even if the record discloses negligence on the part of the appellant, and we claim it does not, it is still true that its violation of duty does not render it liable for an injury resulting from the injured person's own negligence in failing to stop and look and listen, before going upon appellant's track, as to bar him of recovery and his negligence continued up to the time of the collision. Asphalt Co. v. St. Louis Co., 102 Mo. App. 469; Murray v. St. Louis Co., 176 Mo. 183; McManamee v. Railroad, 135 Mo. 440; Hudson v. Railroad, 123 Mo. 445; Payne v. Railroad, 136 Mo. 562; Peterson v. St. Louis Co., 156 Mo. 552; Sharp v. Railroad, 161 Mo. 214; Tanner v. Railroad, 161 Mo. 497; Reno v. St. Louis Co., 180 Mo. 469; Schmidt v. Railroad, 191 Mo. 215; Green v. Railroad, 192 Mo. 131; Kintag v. Railroad, 65 Fed. 391; Schofield v. Railroad, 114 U. S. 615, 29 Law Ed. 224. (2)   Upon the entire record it appears conclusively that no cause of action vested in the plaintiff and the only judgment possible under the law and the evidence, was for the defendant, and this cause should be reversed. Hickman v. Union Co., 47 Mo. App. 65; Bunyan v. Citizens Co., 127 Mo. 12; Weaver v. Benton Co., 60 Mo. App. 207; Barrie v. St. Louis Co., 102 Mo. App. 87; Conrad Grocer Co. v. St. Louis Co., 89 Mo. App. 534; Kelley

v. Railroad, 75 Mo. App. 140; Smith v. Railway, 61 Mo. 558; Meyers v. Railroad, 103 Mo. App. 268; Hogan v. Citizens Co., 150 Mo. 36; Zumalt v. K. C. Co., 175 Mo. 288; Stepp v. Railroad, 85 Mo. 229; Rees v. St. Louis Co., 179 Mo. 1; Smith v. Citizens Co., 52 Mo. App. 36; Fanning v. St. Louis Co., 103 Mo. App. 151; Moore v. Lindell Co., 176 Mo. 528; Markowitz v. Railway, 186 Mo. 350; Conrad v. St. Louis Co., 89 Mo. App. 534; Hausman v. Hope, 20 Mo. App. 193; State ex rel. v. Goetz, 131 Mo. 675; Morrow v. Pullman Co., 98 Mo. App. 351; Hendley v. Globe Co., 106 Mo. App. 20; Gee v. Van Natta Co., 105 Mo. App. 27; Lenix v. Railroad, 76 Mo. 86; Holmes v. Leadbetter, 95 Mo. App. 419. (3) This is not a case for the application of the humanitarian or last chance doctrine. Holland v. Railway, 210 Mo. 351; Harlan v. Railway, 64 Mo. 480; Ross v. Railway, 125 Mo. 614.

*W. F. Maher* for respondent.

(1) The court properly overruled appellant's instruction in the nature of demurrer offered at the close of respondent's testimony and again at the close of all the testimony. The case was clearly one for the jury. Campbell v. Railroad, 175 Mo. 161; Buren v. Trans. Co., 104 Mo. App. 224; Reed v. Railroad, 107 Mo. App. 238; Meng v. Railroad, 108 Mo. App. 553; Montgomery v. Railroad, 181 Mo. 508; Rascher v. Railroad, 30 Am. St. Rep. 447, 90 Mich. 413; Tethrow v. Railroad, 98 Mo. 74; Engleman v. Street Railroad, 133 Mo. App. 514; Fledderman v. Transit Co., 134 Mo. App. 199; Donahue v. Railroad, 91 Mo. 364; King v. Railroad, 127 S. W. 400. (2) The question whether a traveler on a street car track has exercised ordinary care for his own safety is a question for the jury. Storage Co. v. Transit Co., 120 Mo. App. 415; Biscuit Co. v. Transit Co., 108 Mo. App. 302; Zander v. Transit Co., 206 Mo. 445; Peterson v. Transit Co., 199 Mo. 340; Winn v. Railroad, 121 Mo.

App. 628; Conrad v. Railroad, 89 Mo. App. 398; Mayes v. Railroad, 121 Mo. App. 619; Rapp v. Transit Co., 190 Mo. 158. (3) Where there is a conflict in the testimony as to a material point in issue, the court properly leaves the matter to the jury. Meily v. Railroad, 215 Mo. 567; McGee v. Railroad, 214 Mo. 530; Porter v. Stockyards Co., 213 Mo. 372; Burnes v. Moore, 113 Mo. App. 6. (4) Appellant was guilty of violating the ordinance requiring a headlight on the front of his car and such violation of the ordinance was negligence *per se.* Johnson v. Railway, 203 Mo. 81; Holland v. Railway, 210 Mo. 338; Luna v. Railway, 216 Mo. 563; Jackson v. Railroad, 157 Mo. 621. (5) Respondent had the right to presume that appellant would observe the ordinance requiring headlights on the front end of its cars. Hoerr Baking Co. v. Railway, 127 Mo. App. 190; Powers v. Transit Co., 202 Mo. 267.

COX, J.—Joplin is a city of the third class, and defendant operates a double track line of electric street railway on Fourth street in said city. On the night of June 11, 1909, plaintiff, while driving east on Fourth street in said city with a one-horse ice cream wagon, was run into by a car of defendant, and he, the horse and wagon all injured. This action was to recover damages for that injury. There was a trial by jury, verdict for plaintiff for one thousand dollars and defendant has appealed.

The evidence on the part of plaintiff shows that the night on which the accident occurred was a dark night; that he had been out to the park with ice cream to sell and was returning to the city about ten or ten-thirty at night; that his wagon was heavily loaded and he was driving upon the north track of the defendant, going east, and that he saw a car coming from the east and pulled his wagon over on the south track and traveled thereon some two hundred feet until the car had passed, and then undertook to pull back upon the north track,

but before getting off the south track the east bound car of the defendant running on the south track ran into his wagon, threw him down and out of the wagon, and caused his horse to run away. The horse ran over an embankment, the wagon was badly smashed up and the horse was injured; that he was injured himself and lost three months of time; that he was earning at that time from twenty-five to thirty dollars per week; that he became obligated to pay a doctor's bill of twenty dollars, and for medicine $4.75; that he suffered great bodily pain; that the wagon was badly demolished, and that before the accident the wagon was worth two hundred dollars, and afterwards was worth only about forty dollars; that the horse prior to the accident was worth one hundred and twenty-five dollars, and afterwards twenty-five or thirty dollars; that before turning upon the south track he looked for a car upon that track and could see none approaching, and that his companion Smith, who was with him in the wagon, kept a constant lookout for the cars while he was driving on the south track and could see none; that the car which ran into and injured him had no light upon the front. Plaintiff introduced an ordinance of the city of Joplin which requires the cars to be provided with lights at each end thereof after sundown, and to be so placed that they could be readily seen for a distance of at least three blocks. Testimony on behalf of defendant tended to show that there was a light on the front of the car. Defendant introduced a city ordinance which provides that the car should be entitled to the tracks and made it the duty of the drivers of vehicles to look out for the approach of cars when attempting to cross the tracks.

The court instructed the jury that if they believed from the evidence that defendant's said servants in charge of said car negligently ran said car after sunset without a proper light thereon, so placed as to be

readily seen for a distance of three blocks from said car as provided by the ordinance read in evidence; and if the jury further find from the evidence that the failure to have such light on said car was the cause of the collision and the injury to plaintiff and the damage to his property, and that plaintiff was in the exercise of due care for his safety and the safety of his property, then, they should find for the plaintiff.

It is contended here by the appellant that this judgment should be reversed for the reason that the evidence shows the plaintiff to have been guilty of contributory negligence. There are no difficult legal questions involved in this case. It is familiar law that it is the duty of one about to enter upon a track of either a street car or steam road to use his senses of sight and hearing to ascertain whether or not there will be danger in going upon the track. [Reno v. St. Louis & Sub. Ry. Co., 180 Mo. 469, 79 S. W. 464; Green v. Missouri Pacific Railway Co., 192 Mo. 131, 90 S. W. 805.]

It is also clear that if the evidence clearly shows that there is but one conclusion that can be reached from the testimony, and that is that the plaintiff's own negligence was the cause of the injury, then it is the duty of the court to so declare and to take the case from the jury; but unless the evidence is sufficiently clear that only one conclusion could be reached from it, then the question whether or not, under the circumstances, the plaintiff was guilty of contributory negligence, is a question for the jury, and in this case the plaintiff had the right to presume that defendant would have its cars equipped with lights as required by the ordinance, and if he looked before going upon the track and could not see a car coming, and if his companion Smith kept a constant lookout for cars while plaintiff was driving upon the south track, and neither of them could see the car, it cannot be said that plaintiff was guilty of negligence at all. [Campbell v. St. Louis & Sub. Ry. Co., 175 Mo. 161, 75 S. W. 86; Montgomery v. Railroad, 181 Mo.

508, 79 S. W. 938.] If this testimony on the part of plaintiff is true it shows beyond any question that the car which struck the plaintiff had no light on the front of the car at the time of the accident, and made out a prima facie case for the plaintiff, both as to negligence of defendant and as to the care required of plaintiff.

Appellant contends in the argument that this is not a case for the application of the humanitarian doctrine, and that the case should be reversed without being remanded. The question as to whether or not defendant's servants could have stopped the car in time to have avoided the collision after having discovered plaintiff's position of danger was not submitted to the jury, and, hence, defendant is in no position to urge that question.

Defendant's contention is, first, that the car was lighted; second, that plaintiff should have seen the car coming and gotten off the track. That issue was submitted to the jury and they have found against the defendant and that is binding upon us, and while this case was not submitted to the jury upon the theory of the humanitarian doctrine the evidence certainly makes a clear case for submission upon that question. For, if defendant's contention is true that the car was lighted in the proper way, and if plaintiff's testimony is true that he drove upon this track for a distance of two hundred feet before he was struck, it is clear that had the motorman been looking as it was his duty to do when driving his car upon a public street of the city, he could have discovered plaintiff's position and stopped the car and prevented the injury. So that under the facts in this case, no matter how we view it, if defendant had no light, and, for that reason, plaintiff did not discover the car coming, defendant is liable. If defendant did have the light as it was required to have, then the motorman should have discovered plaintiff's position and prevented the injury, so that in any view of the case defendant is liable.

It is contended that the damages awarded were excessive. We are not prepared to say that the damages awarded were not supported by the testimony. If it is true, as testified to by plaintiff, that he was disabled for three months, that he was earning from twenty-five to thirty dollars per week; that he suffered great bodily pain, that his horse was injured so that its value was reduced one hundred dollars, that his wagon was damaged so that its value was reduced one hundred and sixty dollars, and that he incurred expenses for medicine and medical attention of about twenty-five dollars, the verdict was not excessive.

The judgment is for the right party and will be affirmed. All concur.